# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| WILBERT ANTHONY NEAL, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14CV1070 |
| | ) | |
| HAROLD BOSTON, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court upon Plaintiff Wilbert Anthony Neal's motion to amend the complaint and to add parties. (Docket Entry 17.) On December 18, 2014, *pro se* Plaintiff filed a complaint in this action asserting an employment discrimination claim against *pro se* Defendant Harold Boston. (Docket Entry 3.) On March 11, 2016, Plaintiff filed a motion for leave to file an amended complaint. (Docket Entry 16.) Plaintiff did not include a proposed amended complaint; thus, the Court denied Plaintiff's motion without prejudice, and allowed Plaintiff additional time to submit a motion to amend for the Court's consideration. (Text Order dated 4/18/2016.) Plaintiff thereafter submitted a motion to amend (Docket Entry 17), and the Court subsequently scheduled the matter for a hearing. (Docket Entry 18.) Both parties were mailed a copy of the hearing notice. A hearing was held on September 20, 2016, and neither Plaintiff nor Defendant appeared at the hearing. The Court rescheduled the matter for October 19, 2016, at 9:30 a.m. (Docket Entry 19.) Defendant appeared for the hearing. However, Plaintiff failed to appear. Plaintiff has not been considerate of Defendant's and the Court's time and resources. Thus, the Court

recommends that Plaintiff's motion to amend the complaint and to add parties (Docket Entry 17) be dismissed with prejudice.

In addition, Plaintiff's action should be dismissed with prejudice for failure to prosecute. "The Court has authority to dismiss this action, with prejudice, upon its own motion, for Plaintiff's failure to prosecute and to comply with court orders." *Medici888, Inc. v. Rileys Ltd.*, No. 2:12CV317, 2014 WL 4199790, at *2 (E.D. Va. Aug. 22, 2014); *Link v. Wabash R. Co.*, 370 U.S. 626, 629–30, (1962) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays . . . and to avoid congestion"). According to the Supreme Court

> the authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

*Link*, 370 U.S. at 630–31 (internal citation omitted). Additionally, pursuant to the United States District Court for the Middle District of North Carolina "if . . . an attorney or a party fails to comply with a local rule of this Court," the Court is authorized "to dismiss[] the action or any part thereof." L.R. 83.4(a)(3). "A dismissal with prejudice is a harsh sanction which should not be invoked lightly in view of the sound public policy of deciding cases on their merits." *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978) (internal citations and quotations omitted). The court should generally consider four factors when deciding whether to dismiss for failure to prosecute: "(1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness

2

of sanctions less drastic than dismissal." *Davis*, 588 F.2d at 70 (citations and quotations omitted).

Considering the four factors above, the Court should dismiss Plaintiff's case. First, in considering the degree of personal responsibility on the part of Plaintiff, the Court finds that it is entirely Plaintiff's conduct that has resulted in a failure to prosecute. Plaintiff filed an amended complaint but failed to follow the local rules by not attaching a proposed amended complaint as instructed by the Court. The Court allowed Plaintiff to remedy this defect but he failed to do so. Furthermore, Plaintiff has failed to appear at two hearings. *Medici888, Inc. v. Rileys Ltd.*, No. 2:12CV317, 2014 WL 4199790, at *3 (E.D. Va. Aug. 22, 2014) (finding that the responsibility for the delay in prosecution rests entirely with the plaintiff because his counsel "indicated that, after the Court denied Plaintiff's motion for default judgment, Plaintiff refused to authorize [his counsel] to either further prosecute or dismiss the Complaint"). Thus, responsibility for the delay in prosecution rests entirely with Plaintiff.

Second, Plaintiff has prejudiced Defendant by not complying with court orders. During the last hearing Defendant traveled from Columbia, South Carolina to Durham, North Carolina. Plaintiff's failure to appear has cost Defendant time and money. Thus, Plaintiff has unduly prejudiced Defendant.

Third, there is a presence of a drawn out history of deliberately proceeding in a dilatory fashion. As stated above, Plaintiff has failed to properly file an amended complaint, ignored court orders to appear and has ceased all contact with the Court. *Id.* (finding that there was a history of deliberately proceeding in a dilatory fashion because the "plaintiff . . . refused to permit counsel to further prosecute or dismiss the Complaint, ceased all communication with

3

Case 1:14-cv-01070-TDS-JLW   Document 20   Filed 10/28/16   Page 3 of 4

counsel and the Court, and ignored court orders to appear and retain new counsel"). Thus, the Court finds that Plaintiff has proceeded in a dilatory fashion.

Lastly, the Court finds that it is unlikely that any sanction "less drastic than dismissal" would be effective. *Id.* at 4. Plaintiff has not complied with numerous court orders and has been outright unresponsive. Thus, the Court concludes that dismissal is the appropriate sanction. *Porter v. Guarino*, 223 F.R.D. 282, 284 (M.D.N.C. 2004) (concluding that dismissal was the appropriate sanction because "there ha[d] been total non-cooperation by plaintiff's counsel . . . there has been a history of delay, and defendant has suffered great prejudice").

## CONCLUSION

For the reasons set forth above, **IT IS THERFORE RECOMMENDED** that Plaintiff's motion to amend the complaint and to add parties (Docket Entry 17) be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's case be **DISMISSED** with prejudiced.

_____
Joe L. Webster
United States Magistrate Judge

October 28, 2016
Durham, North Carolina